IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISON
CIVIL ACTION NO. 5:21-CV-00113-KDB-DCK

| | |
|---|---|
| TAMMY L. CLARK,<br><br>    Plaintiff,<br><br>  v.<br><br>NEWREZ LLC,<br><br>    Defendant. | ORDER |

**THIS MATTER** is before the Court on Defendant's Motion for Relief from Default Judgment (Doc. No. 13), which Plaintiff opposes. The Court has carefully reviewed the motion and considered the parties' briefs and exhibits. For the reasons discussed below, the Court will **GRANT** the motion.

## I. BACKGROUND

Plaintiff filed her Complaint with this Court on July 21, 2021. (Doc. No. 1). After Defendant failed to answer or otherwise plead, Plaintiff moved for an entry of default on September 10, 2021. (Doc. No. 3). The Clerk of Court entered default against the Defendant under Rule 55(a) on the same day. (Doc. No. 4). Subsequently, Plaintiff moved for a default judgment, which this Court granted on December 8, 2021. (*See* Doc. Nos. 5, 11). Defendant now moves to set aside the judgment of default against it pursuant to Federal Rules of Civil Procedure 55(c), 5(a), 60(b)(1), 60(b)(3), 60(b)(6), and 60(d)(3). (Doc. No. 13).

## II. DISCUSSION

Defendant argues that it is entitled to relief from the default judgment on multiple grounds. First, it argues that under Rule 60(b)(1) its failure to appear in this matter was due to an inadvertent,

good-faith error by its in-house counsel under circumstances constituting excusable neglect. Second, Defendant maintains it is entitled to relief under Rules 60(b)(3) and 60(d)(3) due to Plaintiff's misconduct in submitting an exhibit that had been altered to remove information that would have refuted Plaintiff's claims. And lastly, Defendant argues it should be granted relief because Plaintiff did not serve the Defendant with the Motion for Entry of Default, in violation of Rule 5(a), or with any other papers after the initial service of process. Defendant only needs to succeed on one of its arguments to prevail on its Motion. Accordingly, having found that Defendant is entitled to relief under Rule 60(b)(3), the Court need not and will not decide the merits of the remaining grounds for relief.

Rule 55(c) allows the Court to "set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). While "good cause" is not defined in Rule 55(c), the Fourth Circuit has held to obtain relief from a default judgment "a moving party must show that his motion is timely, that he has a meritorious defense to the action, and that the opposing party would not be unfairly prejudiced by having the judgment set aside." *Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir. 1987). Due to the Court's "strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits," doubts about whether relief should be granted will be resolved in favor of setting aside the default. *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010); *see Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969).

Defendant has satisfied all three factors for "good cause" under Fourth Circuit precedent. First, Defendant's Motion is clearly timely as it was filed 28 days after the entry of the default judgment and 16 days after the Defendant became aware of the default judgment. *Cf. Park Corp.*, 812 F.2d at 896 (finding "no question" that a motion for relief from default judgment was timely

where it was made within five months of the date the default judgment was entered and within fifteen days of party learning of the judgment). Second, Defendant has demonstrated it has a meritorious defense. Plaintiff's claims are grounded on the premise that Defendant erred in failing to treat her loan as current at the time it began servicing the loan in March 2020, and that it later failed to correct this error in response to requests by Plaintiff. (*See* Doc. Nos. 1, 9, 13, 14). Defendant has offered evidence that could lead a jury to find this premise is false and at the time of the servicing transfer, the loan was delinquent and remained delinquent thereafter. (*See* Doc. Nos. 13, 13-2, 13-5, 13-6, 13-7, 13-10). Specifically, Defendant offers an *unaltered* copy of the February 2020 Ditech billing statement which shows the Plaintiff is past due on her loan. It also provides a statement that suggests the loan remained delinquent for the March 2020 payment, the time of the servicing transfer to Defendant. (Doc. Nos. 13-5, 13-6). Thus, while of course the Court does not express an opinion as to the ultimate merits of Plaintiff's claims, Defendant has provided "evidence which would permit a finding for the defaulting party." *Central Operating Co. v. Utility Workers of America*, 491 F.2d 245, 252 n.8 (4th Cir. 1974).

Third and lastly, Defendant has shown that the Plaintiff will not be "unfairly prejudiced by having the judgment set aside." *Park Corp.*, 812 F.2d at 896. When determining if the non-defaulting party is prejudiced, courts examine whether the delay caused by the default: "(1) made it impossible for the non-defaulting party to present some of its evidence; (2) made it more difficult for the non-defaulting party to proceed with trial; (3) hampered the non-defaulting party's ability to complete discovery; and (4) was used by the defaulting party to collude or commit a fraud." *Vick v. Wong,* 263 F.R.D. 325, 330 (E.D. Va. 2009) (citation omitted). The first two factors receive the most weight, and delay and inconvenience alone are inadequate to cause prejudice. *Id*. (citations omitted). None of these factors are present in this case as Defendant has brought this

Motion less than five months from the filing of the Complaint and less than one month after the granting of the Motion for Default Judgment. *See Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 953 (4th Cir. 1987) (holding that a non-moving party is not prejudiced when the moving party only delayed the proceedings a few months). There is nothing to suggest this minor delay has affected Plaintiff's ability to present evidence or proceed with trial in any way.

Having met its initial burden under Rule 55(c), Defendant must still "satisfy one or more of the six grounds for relief set forth in Rule 60(b) in order to obtain relief from the judgment." *Park Corp.*, 812 F.2d at 896; *see also Danielson v. Hum.*, 676 F. App'x 198, 199 (4th Cir. 2017). Defendant asserts it is entitled to relief under Rules 60(b)(1), 60(b)(3), and 60(b)(6).[1] (Doc. No. 13). The Court will only address Defendant's Rule 60(b)(3) argument.[2] Under Rule 60(b)(3) a court may relieve a party from a final judgment for "fraud . . ., misrepresentation, or misconduct by an opposing party." The rule focuses on the unfair means by which a judgment or order is procured, not its merits. *Schultz v. Butcher*, 24 F.3d 626, 631 (4th Cir. 1994); *see also Gonzalez v. Crosby*, 545 U.S. 524, 532, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005) (distinguishing a Rule 60(b)(3) motion as not attacking "the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal…proceedings"). The Fourth Circuit has set forth three elements that a moving party must establish to prevail on a Rule 60(b)(3) motion: (1)

---

[1] Defendant also contends it is entitled to relief under Rule 60(d)(3) for fraud on the Court. The Court observes that "[f]raud on the court is . . . limited to the more egregious forms of subversion of the legal process that we cannot necessarily expect to be exposed by the normal adversary process." *Great Coastal Express, Inc. v. Int'l Bhd. of Teamsters*, 675 F.2d 1349, 1357 (4th Cir. 1982). However, the Court need not and does not reach the question of whether the misconduct in this case reaches the required level under Rule 60(d)(3)

[2] While not addressing Defendant's excusable neglect argument under Rule 60(b)(1), the Court notes Judge Wilkinson's dissent in *Lolatchy v. Arthur Murray, Inc.* which stated "[i]f attorneys can neglect their clients' business with 'no ill effects' to clients, 'complete chaos in judicial proceedings will surely result.'" *Lolatchy,* 816 F.2d at 955 (Wilkinson, J., dissenting) (citing *Barber v. Turberville*, 218 F.2d 34, 38 (D.C.Cir.1954) (Prettyman, J., dissenting)).

the moving party must have a meritorious defense; (2) the moving party must prove misconduct by clear and convincing evidence; and (3) the misconduct prevented the moving party from fully presenting its case. *Square Constr. Co. v. Washington Metro. Area Transit Auth.*, 657 F.2d 68, 71 (4th Cir. 1981). After the satisfaction of these elements, "the court must balance the competing policies favoring the finality of judgments and justice being done in view of all the facts, to determine within its discretion, whether relief is appropriate in each case." *Id*.

First, as discussed above, the Defendant has a meritorious defense in this matter. *See supra* at p. 3. Second, Defendant contends that the Plaintiff submitted an altered copy of her February 2020 billing as Exhibit 3 to her Complaint. Defendant has provided the original billing statement from Ditech, an affidavit from a former Ditech employee attesting to the altered state of Plaintiff's Exhibit 3, and an affidavit from an employee of the Defendant stating the February 2020 billing statement showed the loan was delinquent. (*See* Doc. Nos. 15-1, 15-2, 15-6).

Moreover, Plaintiff does not even attempt to explain or address the apparent alteration directly in her opposition to this Motion. Although Plaintiff states she would like "to address [Defendant]'s accusations that she committed misconduct on the court," (Doc. No. 14), Plaintiff then merely directs the Court's attention to other exhibits attached to the Complaint that she contends support her argument generally and then curiously concludes this "is all evidence which supports that Ms. Clark is not the party submitting altered documents to this Court." *Id*. However, the other exhibits cited by Plaintiff simply go to Plaintiff's overall contentions on the merits not the relevant question as to whether Exhibit 3 was altered. (*See* Doc. Nos. 14, 1-1, 1-2, 1-4). In sum, Plaintiff provides no evidence to counter the original statement and affidavits produced by the Defendant regarding the alteration of the document, so the Court concludes that Defendant has satisfied the second element and proven misconduct by clear and convincing evidence.

Lastly, Defendant must prove that the misconduct prevented the moving party from fully presenting its case. *Square Constr. Co.,* 657 F.2d at 71. Because the Defendant had not participated in the case at all at the time the default judgment was entered, this factor cannot be mechanically applied in the default judgment context. Rather, in the default judgment context this factor is better applied to the Court – which is in practical effect the counter party to the Plaintiff - than to the moving party. Plaintiff's presentation of and reliance on an altered document prevented the Court from properly weighing the evidence when considering the Motion for Default Judgment. Therefore, the Court finds that the third element is satisfied.

The final step in the Court's analysis is balancing the competing policies favoring the finality of judgments and justice being done in view of all the facts. On balance, the facts in this case favor granting the Defendant's Motion. It is approximately 6 months since Plaintiff filed her Complaint and less than two months since the Motion for Default Judgment was granted. Based on the current evidence before the Court, the Defendant appears to have alleged a viable defense on the merits to the claims asserted against it. Thus, due to the recency of the default judgment and the Court's preference for disputes to be resolved on the merits, the Court finds the facts in this case weigh in favor of granting the Motion and allowing the case to proceed in a normal course.

Accordingly, the Court will grant Defendant's Motion for Relief from Default Judgment under Rules 55(c) and 60(b)(3). (Doc. No. 13).

### III. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendant's Motion for Relief from Default Judgment (Doc. No. 13) is **GRANTED**;

2. This case shall proceed towards a resolution of the merits of Plaintiffs' claims in the absence of a voluntary resolution of the dispute between the parties.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: February 1, 2022

Kenneth D. Bell
United States District Judge